# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re                                      )

ROSS & LOGAN INDUSTRIES, INC.,             )        Case No.: 3:09-bk-06626
EIN 59-3661336,
                                           )        Chapter 11
                    Debtor.
                                           ).

## ORDER CONFIRMING CHAPTER 11 PLAN OF REORGANIZATION

This Chapter 11 case came before the Court for consideration of the Debtor's Plan of Reorganization dated December 22, 2009, as modified on May 12, 2010 in open court (collectively, the "Plan"). Upon the evidence presented and this Court's familiarity with this case, the Court finds:

1.    The Plan has been accepted by all classes of claims and interests in the Plan in accordance with § 1126 of the Bankruptcy Code (the "Code").

2.    The Plan complies with the applicable provisions of Chapter 11 of the Code.

3.    The Debtor, as proponent of the Plan, has complied with the applicable provisions of the Code.

4.    The Plan has been proposed in good faith and not by any means forbidden by law.

5.    Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the reorganized debtor.

6.     The Plan is fair and equitable with regard to its treatment of impaired creditors.

Accordingly, it is ORDERED:

1.     The Plan [Docket No. 150], is confirmed as modified below.

2.     The Plan is modified and incorporates by this reference the Stipulation filed on May 12, 2010, between Debtor and Mercantile Bank ("Mercantile") [Docket No. 310]. Mercantile shall receive $17,040.41 per month on account of its Class 9 Secured Claim to be paid in the manner specified in the parties' stipulation. Mercantile's Class 10 Secured Claim will be treated as set forth in the stipulation. Mercantile shall be entitled to an allowed $100,000 general unsecured claim, which shall be treated and receive distributions in accordance with the treatment afforded Class 11 General Unsecured Claims.

3.     The Plan is further modified and incorporates by this reference the Stipulation filed on April 12, 2010, between Debtor and Caterpillar Financial Services Corporation, doing business as FCC Equipment Financing, Inc. ("FCC") [Docket No. 243]. FCC shall continue to receive $11,338.69 per month on account of its Class 5 Secured Claim as provided in the stipulation.  FCC shall be entitled to an allowed $1,173,504 general unsecured claim, which shall be treated and receive distributions in accordance with the treatment afforded Class 11 General Unsecured Claims.

4.     The Plan is further modified and incorporates by this reference the Stipulation filed on February 17, 2010, between Debtor and GMAC [Docket No. 186]. GMAC shall continue to receive $4,909.83 per month on account of its Class 7 Secured Claim as provided in the stipulation.  GMAC shall be entitled to an allowed $159,757.66 general unsecured

claim, which shall be treated and receive distributions in accordance with the treatment afforded Class 11 General Unsecured Claims.

5.     The Plan is further modified and incorporates by this reference the Stipulation filed on November 9, 2009, and First Amendment to Stipulation filed on May 12, 2010, between Debtor and Komatsu Financial Limited Partnership ("Komatsu") [Docket Nos. 113 and 311]. Komatsu shall continue to receive $12,807.98 per month on account of its Class 4 Secured Claim as provided in the stipulation. Komatsu shall be entitled to an allowed $166,867.21 general unsecured claim, which shall be treated and receive distributions in accordance with the treatment afforded Class 11 General Unsecured Claims.

6.     The Plan is further modified and incorporates by this reference the Stipulation filed on February 17, 2010, and First Amendment to Stipulation filed on May 12, 2010, between Debtor and American Enterprise Bank of Florida ("American Enterprise") [Docket Nos. 185 and 312]. American Enterprise shall continue to receive $502.65 per month on account of its Class 8 Secured Claim as provided in the stipulation. American Enterprise shall be entitled to an allowed $119,815.18 general unsecured claim, which shall be treated and receive distributions in accordance with the treatment afforded Class 11 General Unsecured Claims.

7.     The Plan is further modified and incorporates by this reference the Stipulation filed on May 12, 2010, between Debtor and Caterpillar Financial Services Corporation ("CAT") [Docket No. 314]. CAT shall receive equal monthly payments on three pieces of retained equipment on account of its Class 6 Secured Claim as provided in the stipulation. CAT shall be entitled to an allowed $360,549.35 general unsecured claim, which shall be

treated and receive distributions in accordance with the treatment afforded Class 11 General Unsecured Claims.

8.     The Plan is further modified and incorporates the following revision to Section 20.4 Unclaimed Property:

> Any cash, assets, or other property to be distributed to claimants under the provisions of this Plan that remains unclaimed or otherwise not deliverable to the person or governmental unit entitled thereto, as of either (i) 12 months after the Confirmation Date; or (ii) 6 months after the date of any distributions under the Plan shall be forfeited by the creditor and shall be disbursed pro-rata to the remaining creditors within the appropriate class.

9.     The Plan and its provisions shall be binding upon the Debtor and any creditor of the Debtor, whether or not the Claim of such creditor is impaired under the Plan and whether or not such creditor has accepted the Plan, whose claim arose prior to the entry of this order.

10.     Distributions required to be made to the holders of all Claims pursuant to the Plan shall be made to the persons and entities entitled thereto as provided in the Plan upon the Effective Date or as soon thereafter as is practicable unless such Claims are objected to in accordance with the provisions of the Plan or this Order.

11.     Except as provided in the Plan, all property of the Debtor and all payments and distributions made or to be made under the Plan are free and clear of all Claims of creditors of the Debtor.

12.     Each Creditor of the Debtor whose Claim is discharged or whose rights are waived or released by the Plan or who otherwise had actual notice of the Chapter 11 case prior

to the confirmation order is hereby jointly and severally restrained and enjoined from instituting or continuing any action or employing any process to collect such debts, enforce such rights, or pursue such interests or recover any payments from the Debtor. All persons or entities which are parties to adversary proceedings or contested matters pending before this Court, which are not finally determined as of the date of this Order, are restrained and enjoined from commencing any other proceedings or taking any other action against the Debtor with respect to any issue raised in such adversary proceedings or contested matter, except upon further order of this Court.

13.    The Debtor or any other party in interest may file, within sixty (60) days from the date hereof, any and all objections to the allowance of any Claim not heretofore objected to. Debtor shall comply with all post-confirmation payment and reporting requirements of the United States Trustee.

14.    The reorganized Debtor shall timely pay post-confirmation quarterly fees assessed pursuant to 28 U.S.C. § 1930(a)(6) until such time as this Bankruptcy Court enters a final decree closing this Chapter 11 case, or enters an order either converting this case to a case under Chapter 7 or dismissing this case. After confirmation, pursuant to 11 U.S.C. § 1106(a)(7) and Bankruptcy Rule 2015(a)(5), the reorganized Debtor shall file with the Bankruptcy Court and shall serve on the United States Trustee a financial report or statement of disbursements for each quarter (or portion thereof) that this Chapter 11 case remains open, in a format prescribed by the United States Trustee.

15.    The Debtor is authorized to take all action and execute all documents necessary to consummate the Plan.

16.     This Court retains jurisdiction of these proceedings pursuant to and for the purposes of §§ 105(a) and 1127 of the Code and for the following purposes:

a.      To take any action with respect to the allowance or disallowance of Claims, including without limitation, to determine any and all objections to the allowance of Claims;

b.      To determine any and all applications for allowance of compensation for any period prior to or after the Confirmation Date;

c.      To determine any and all applications pending on the Confirmation Date for the rejection and disaffirmance or assumption or assignment of executory contracts and the allowance of any Claim resulting therefrom;

d.      To determine all controversies and disputes arising under, or in connection with the Plan or any agreements entered into pursuant thereto;

e.      To determine all applications, adversary proceedings, contested matters and other litigated matters pending on the Confirmation Date;

f.      To construe or enforce the Plan or this Order, to effectuate payments thereunder, or to compel performance in accordance with the provisions thereof; and

g.    To modify the Plan in accordance with § 1127 of the Code, or to

remedy any apparent defect or omission in the Plan, or to reconcile any inconsistency

in the Plan so as to carry out its intent and purposes.

DATED this __19__ day of May, 2010 Jacksonville, Florida.


_____
Paul M. Glenn
Chief United States Bankruptcy Judge

Copies furnished to:

Office of the United States Trustee
135 W. Central Boulevard, Room 620
Orlando, Florida 32801

Bradley R. Markey, Esq.
Stutsman Thames & Markey, P.A.
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202

All Creditors and Parties in Interest
78086

EXHIBITS WILL BE DESTROYED
UNLESS REMOVED PURSUANT TO
LOCAL RULE 9070-1 (i.)

-7-